NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CELINA MARGARITA GARCIA-TORRES; OBED NEHEMIAS MENDEZ-GARCIA; CELINA MAGALY MENDEZ-GARCIA,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4024<br><br>Agency Nos.<br>A201-454-694<br>A201-454-692<br>A201-454-693<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2025[**]
San Francisco, California

Before: CHRISTEN, LEE, and BRESS, Circuit Judges.

Petitioner Celina Margarita Garcia-Torres and her two minor children—all

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

natives and citizens of El Salvador—seek review of a decision from the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of Garcia-Torres's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. Substantial evidence supports the Agency's finding that Garica-Torres failed to meet her burden of establishing a nexus between the harm she and her children suffered and a protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (reviewing Agency's nexus finding for substantial evidence). An applicant seeking asylum or withholding of removal must establish a "nexus" between the harm she suffered or fears and a protected ground. *Id.* at 1018. For asylum, the protected ground must be at least "one central reason" the applicant was persecuted or fears persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). For withholding of removal, it must be "a reason." *Id.*[2]

---

[1] On appeal, Garcia-Torres does not challenge the IJ's denial of her request for protection under CAT, which the BIA deemed waived. Garcia-Torres's minor children seek asylum—and only asylum—as derivative beneficiaries of their mother.

[2] Garicia-Torres argues that the Agency failed to "meaningfully analyze the lower nexus standard for withholding or removal." This argument has no merit. The IJ explicitly stated that "even with a less demanding standard than the one central reason, under withholding of removal, [Garcia-Torres] fail[ed] to establish a clear probability of future persecution on account of a protected ground."

Here, the Agency concluded that "women whose spouses reside in the United States" is not "legally cognizable" as a protected ground and that even if it was, Garcia-Torres failed to establish a "nexus" between this ground and the harm she and her children suffered. This conclusion is supported by substantial evidence.[3]

Although the gang members who demanded money from Garica-Torres told her on two occasions that they knew her ex-husband was sending her money from the United States, there is no indication that they targeted her because of this "particular characteristic" or "to overcome [this] particular characteristic." The gang's demands that she join their gang and permit them to store weapons at her home support the Agency's finding that the men were motivated by monetary gain and a desire to obtain other forms of assistance to further their gang's activities. The gang's attempts to recruit Garica-Torres's children on separate occasions also support this finding. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("[A]n applicant must show he was individually targeted on account of a protected ground rather than simply the victim of generalized violence."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus

---

[3] Because the Agency's nexus finding is dispositive, we need not address whether "women whose spouses reside in the United States" is legally cognizable as a protected social group. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021).

to a protected ground.").

2. The Agency did not err in finding that Garica-Torres failed to meet her burden of establishing a well-founded fear of future persecution. In the absence of past persecution, an applicant can nevertheless establish eligibility for asylum or withholding of removal by showing "a well-founded fear of future persecution, again on account of a protected ground." *Deloso v. Ashcroft*, 393 F.3d 858, 864 (9th Cir. 2005) (citing 8 C.F.R. § 208.13(b)(2)); *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) (requiring a clear probability of persecution for withholding). This well-founded fear must be both "subjectively genuine and objectively reasonable." *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004).

Garcia-Torres contends that the Agency erred by not applying a presumption of future persecution because the IJ allegedly found that she had suffered past persecution. *See Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1073 (9th Cir. 2004) (noting past persecution "triggers a rebuttable presumption of a well-founded fear of future persecution"). But she misunderstands the IJ's finding. The IJ found that the threats Garcia-Torres and her children received in El Salvador rose "to the level of harm to constitute persecution"—*not* that they suffered past persecution. An applicant alleging past persecution must establish that (1) her "treatment rises to the level of persecution"; *and* (2) "the persecution was on account of one or more protected grounds"; *and* (3) "the persecution was committed by the government, or

by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). A finding of just one element—here, a finding that the treatment Garcia-Torres experienced rose to the level of persecution—does not itself constitute a finding of past persecution and thus does not trigger the rebuttable presumption of a well-founded fear of future persecution.

In sum, the Agency did not err by failing to apply a rebuttable presumption of future persecution, nor did it err by concluding the record failed otherwise to establish a well-founded fear of future persecution. *See Sharma*, 9 F.4th at 1065 (reviewing for substantial evidence the Agency's finding that petitioner failed to establish a well-founded fear of future persecution).

3. Because the issue was not administratively exhausted, we decline to consider Garcia-Torres's argument that the IJ erred in finding she failed to meet her burden to establish that the government in El Salvador is unable or unwilling to protect her. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion is a mandatory claim-processing rule).

The petition for review is **DENIED.**